JN/ABS:MGD
F. #2019R00375

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -

MAHMOUD ELSANAA and
OLGA POPOVYCH,

                Defendants.

– – – – – – – – – – – – – – X

INDICTMENT

1:20-cr-00373 (LDH)(RER)
Cr. No._____
(T. 18, U.S.C., §§ 982(a)(7),
982(b)(1), 371, 1349, 2 and 3551
et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Background

    A.    The Medicare and Medicaid Programs

        1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS").  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.    The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked

adequate resources to pay for medical care.  CMS was responsible for overseeing the

Medicaid program in participating states, including New York.  Individuals who received

benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

3.      Medicare and Medicaid each qualified as a "health care benefit

program," as defined by Title 18, United States Code, Section 24(b).

4.      Medicare included coverage under two primary components, hospital

insurance ("Medicare Part A") and medical insurance ("Medicare Part B").  Medicare Part B

covered the costs of physicians' services and outpatient care, including physical therapy,

occupational therapy, chiropractic services and diagnostic tests.  Generally, Medicare Part B

covered these costs only if, among other requirements, they were medically necessary and

ordered by a physician.

5.      Medicaid covered the costs of medical services and products ranging

from routine preventive medical care for children to institutional care for the elderly and

disabled.  Among the specific medical services and products provided by Medicaid were

physical therapy and occupational therapy.  Generally, Medicaid covered these costs only if,

among other requirements, they were medically necessary and ordered by a physician.

6.      Medical providers and suppliers that sought to participate in Medicare

Part B and Medicaid, and to bill Medicare and Medicaid for the cost of their treatment of

eligible beneficiaries and related benefits, items and services, were required to apply for and

receive a provider identification number ("PIN") or provider transaction access number

("PTAN") from each program.  The PIN or PTAN allowed medical providers and suppliers

to submit bills, known as claims, to Medicare and Medicaid and to obtain reimbursement for

the cost of treatment and related health care benefits, items and services that they had supplied or provided to beneficiaries.

7.     Medical providers were authorized to submit claims to Medicare and Medicaid only for services they actually rendered and were required to maintain patient records verifying the provision of services.  By submitting a claim, the provider certified, among other things, that the services were rendered to the patient and were medically necessary, and were not rendered as a result of kickbacks or bribes.

8.     Providers submitted claims to Medicare and Medicaid using billing codes, also called current procedural terminology or "CPT" codes, which were numbers referring to specific descriptions of the medical services provided to beneficiaries.

B.     <u>The Defendants and Relevant Entities and Individuals</u>

9.     The defendant MAHMOUD ELSANAA was a physical therapist who was licensed by the State of New York.

10.     The defendant OLGA POPOVYCH worked as an office manager for the defendant MAHMOUD ELSANAA at several medical clinics that purported to provide physical therapy services to beneficiaries while operating from multiple locations within the Eastern District of New York.

11.     Co-Conspirator 1, an individual whose identity is known to the Grand Jury, was a physical therapist who was licensed by the State of New York.  Co-Conspirator 1 owned several professional corporations that purported to operate from clinic locations managed by the defendants MAHMOUD ELSANAA and OLGA POPOVYCH.

12.     Individual-1, an individual whose identity is known to the Grand Jury, was a physical therapist who was licensed by the State of New York.  Individual-1 owned a

professional corporation that purported to operate from a clinic location managed by the defendants MAHMOUD ELSANAA and OLGA POPOVYCH.

13.     Company-1, an entity the identity of which is known to the Grand Jury, was a third-party company that provided electronic medical records management to physical therapy clinics.

## II.     The Fraudulent Scheme

14.     From in or about and between January 2019 to the present, the defendants MAHMOUD ELSANAA and OLGA POPOVYCH, together with others, agreed to execute and executed a fraudulent scheme by which claims were submitted and caused to be submitted to Medicare and Medicaid for physical therapy even though such services were not medically necessary, not provided as billed, were procured by kickbacks and otherwise did not qualify for reimbursement.

15.     In particular, the defendants MAHMOUD ELSANAA and OLGA POPOVYCH, together with others, submitted and caused to be submitted false and fraudulent claims to Medicare and Medicaid reflecting that medically necessary physical therapy had been provided to beneficiaries by licensed physical therapists.  In fact, such services were not medically necessary, had not been provided in the amount or manner claimed, had been provided by unlicensed persons and had been induced by the payment of kickbacks to beneficiaries and physical therapists.

16.     In order to perpetrate and cover up the fraudulent scheme, the defendants MAHMOUD ELSANAA and OLGA POPOVYCH, together with others, falsified patient medical records and caused patient medical records to be falsified to reflect, among other things, that physical therapy had been provided, when in fact, beneficiaries had

4

merely received massages and completed stretching exercises which did not qualify for reimbursement. ELSANAA, POPOVYCH and their co-conspirators also routinely falsified medical records to reflect that particular licensed professionals had provided the services, when in fact, those individuals were not present at the medical clinic and, in some instances, were traveling overseas.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

17.     The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

18.     In or about and between January 2019 to the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MAHMOUD ELSANAA, together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud Medicare and Medicaid, health care benefit programs, as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicaid, in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Make False Statements)

19.     The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

20.     In or about and between January 2019 to the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MAHMOUD ELSANAA and OLGA POPOVYCH, together with others, did knowingly and willfully conspire, in a matter involving health care benefit programs, to wit: Medicare and Medicaid, to (a) falsify, conceal and cover up by trick, scheme and device material facts, and (b) make one or more materially false, fictitious and fraudulent statements and representations, and make and use one ore more materially false writings and documents knowing the same to contain one or more materially false, fictitious and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items and services, in that ELSANAA and POPOVYCH falsely represented in patient notes and other records that physical therapy services were medically necessary, properly supervised and rendered by licensed physical therapists, contrary to Title 18, United States Code, Section 1035(a).

21.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants MAHMOUD ELSANAA and OLGA POPOVYCH, together with others, committed and caused the commission of, among others, at least one of the following:

<u>OVERT ACTS</u>

(a)     On or about January 15, 2020, at approximately 3:53 p.m., ELSANAA sent a text message to Individual-1 regarding setting up an account for a physical therapy clinic with Company-1.

6

(b)     On or about January 23, 2020, at approximately 10:37 a.m., POPOVYCH sent an email to Company-1 regarding setting up an account for a physical therapy clinic.

(c)     On or about January 24, 2020, at approximately 12:28 p.m., ELSANAA sent a text message to POPOVYCH and Co-Conspirator 1 discussing the fabrication of false patient medical records.

(d)     On or about January 24, 2020, at approximately 12:31 p.m., POPOVYCH sent a text message to ELSANAA and Co-Conspirator 1 discussing the fabrication of false patient medical records.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

<u>CRIMINAL FORFEITURE ALLEGATION</u>

22.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offenses.

23.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Daniel Kahn /mgd
_____
DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F.#: 2019R00375

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

MAHMOUD ELSANAA and OLGA POPOVYCH,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 371, 1349, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

*A true bill.*

_____
                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                    *Clerk*

*Bail, $* _____

_____

*Miriam L. Glaser Dauermann, Trial Attorney (718) 254-7575*